UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 1:14-CV-3030-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| ZHUNRIZE, INC. and, | ) | |
| JEFF PAN, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVER'S FIRST APPLICATION FOR
PAYMENT OF PROFESSIONAL FEES AND EXPENSES
INCURRED NOVEMBER 2014 THROUGH MARCH 2015

Michael Fuqua, as Receiver ("Receiver") for the assets of Zhunrize, Inc.

("Zhunrize") and Jeff Pan ("Pan"), and any entities owned by Pan who have received

investor funds, including but not limited to D&A Capital Partners (collectively, the

"Receivership Defendants"), hereby seeks the Court's approval for (1) payment of the

Receiver's fees and expenses; (2) payment of the fees and expenses of the Receiver's

counsel, Bryan Cave LLP; and (3) payment of the fees and expenses of GlassRatner

Advisory and Capital Group LLC, the Receiver's accountants.  The Receiver has set out

below his actions and those of his team of professionals during this time period.

Additional information regarding the Receiver's and his team's actions and their findings

to date can be found in the First Report Regarding Receiver's Activities, filed on April 30, 2015, at Docket Entry No. 60.  A copy of the Standardized Fund Accounting Report ("SFAR") submitted by the Receiver for the most recent quarter is attached hereto as Exhibit A.

## I.    INTRODUCTION

On September 22, 2014, the Securities and Exchange Commission ("SEC") filed this action seeking injunctive and other equitable relief against Receivership Defendants Zhunrize and Pan, and on December 10, 2014, the SEC submitted an application for the appointment of a Receiver and Other Relief.  On December 19, 2014, the Court entered an order granting a temporary injunction, freezing of assets and other ancillary relief against the Defendants and appointing Michael Fuqua as Receiver of the Receivership Defendants.  [Docket Entry No. 47].

In its December 19, 2014 Order, the Court expressly authorized the Receiver to retain Bryan Cave LLP ("Bryan Cave") as counsel for the Receiver, and further authorized the Receiver to engage and employ accountants, attorneys, and other independent contractors and technical specialists as are necessary and proper to assist the Receiver in carrying out his duties and responsibilities without leave of court.  [See Docket Entry No. 47].  Pursuant to that authority, the Receiver retained:

(a)     Bryan Cave, a leading national law firm, to represent him in this matter.  The firm's Atlanta lawyers engaged in this matter have significant securities and fraud experience as well as a successful track record of assisting in the recovery of assets and experience in receivership matters.

(b)     GlassRatner Advisory and Capital Group LLC ("GlassRatner"), a firm of certified public accountants and finance professionals with extensive experience in both forensic and receivership accounting, as accountants for the Receivership.

## II.    **FEES AND EXPENSES**

A.    <u>Fees and Expenses Incurred from November 1, 2014 through March 31, 2015</u>

This Application seeks approval and payment of fees and the reimbursement of expenses incurred by the Receiver, GlassRatner, and Bryan Cave for November 1, 2014 to March 31, 2015.  During that time, the Receiver and his team have incurred fees and expenses as follows and as set forth in the attached invoices[1]:

(a)     The Receiver has worked 127.9 hours and seeks the approval of $41,567.50

---

[1] These invoices contain information regarding (a) the number of hours worked by each professional; (b) the manner and type of work performed by each professional; and (c) the monetary value assigned to each task performed by each professional.  The detailed account invoices should not be construed to waive any applicable privilege belonging to the Receiver, including, but not limited to, the attorney-client privilege, the attorney work product privilege and the accountant-client privilege.

in fees.  (See Invoices, attached hereto as Exhibit B).

(c)     GlassRatner has worked 262.20 hours and seeks the approval of $49,929.00

(fees) and $156.15 (expenses).  (See Invoices, attached hereto as Exhibit C).

(b)     Bryan Cave LLP has worked 188 hours and seeks the approval of

$69,165.00 (fees) and $4,952.37 (expenses).  (See Invoices, attached hereto as Exhibit

D).  The blended cap rate of $370.00 has provided a discount of $25,864.00 off of the

normal billing rates of the working attorneys and legal staff.

     B.     <u>Court Analysis of the Fees and Expenses</u>

To determine the appropriate amount of fees to pay to professionals, courts

should first multiply the amount of hours worked by a reasonable hourly rate.  <u>See</u>

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40

(1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal

market (Atlanta, Georgia) for similar services by attorneys of reasonably

comparable skill and experience.  <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1396

(11th Cir. 1996).  The amounts listed in Section II(A) are the result of multiplying

the amount of hours worked by a reasonable hourly rate, subject to any rate caps or

blended rates offered by the professionals.

After multiplying the amount of hours worked by a reasonable hourly rate,

the court should consider whether the amount should be adjusted (higher or lower)

depending on the circumstances of the case.  Id.  To make such an adjustment, the court should consider twelve factors commonly referred to as the "Johnson Factors."  See Johnson v. Georgia Hwy Express, Inc., 488 F.2d 714 (5th Cir. 1974); see also FTC v. Peoples Credit First, LLC, 2005 WL 3981599 (M.D. Fla. Dec. 21, 2005).  Those factors and an analysis under those factors of the services rendered by the professionals in this case are set out below.

III.   **ANALYSIS OF FEES UNDER THE JOHNSON TEST**

1.    **Time and labor required.**  The Receiver and his team have spent a significant amount of time and effort in this case to meet the demands and exigencies of the Receivership.  The Receiver has spent 127.90 hours on the matter.  The Receiver's accountants have spent 262.2  hours on this matter, and the Receiver's attorneys have collectively spent 168 hours on the matter.  These amounts of time[2] have been necessary due to the efforts of the Receiver and his team to secure the Receivership books and records, to begin recovery and liquidation of Receivership assets, to interview Zhunrize employees and contractors, and to prepare for reconciliation of investor and vendor data for the claims process.

The Receiver and his team are mindful of the limited resources available in

---

[2] A detailed account of the hours worked by the Receiver and his team can be found in the invoices contained in Exhibits B-D.

the Receivership Estate and limitations in the potential recoveries available.  The substantial work since November 1, 2014 was critical in attempts to investigate, understand and assess the factual situation at hand, to collect and protect the limited assets of the Receivership Defendants, to ensure that evidence is properly preserved for future use, and for carrying out the Receiver's duties.  The Receiver and his team are especially mindful of the fact that any money used to pay administration expenses of the Receiver is money that will not be paid to the victims of the pyramid scheme, the investors.  However, in order to maximize the Receivership Estate and to discharge his duties under the law and this Court's orders, it is important that the Receiver determine, first, which persons were culpable and whether viable claims can be asserted and collected against them on a cost-effective basis.  Second, the Receiver must determine the amount of money owed to each investor, by ascertaining the amount of cash they invested and the payments, if any, they received from the Receivership Defendants.  The Receiver must identify any investors who received more money from the Receivership Defendants than they invested.  The Receiver must also evaluate and assert claims against investors who profited from the pyramid scheme's operations in order to return money to investors who face losses on their investments with the Receivership Defendants.

The Receiver does not anticipate that the level of activity required in the first 5 months of the Receivership will continue to be necessary in the coming months. For example, while it is necessary for the Receiver and his team to continue to locate evidence and property belonging to the Receivership Defendants, the Receiver does not anticipate that he or his team will be required to spend as much time and effort on these tasks as was required in November through March.  After uncovering the whereabouts of the funds that belong to the Receivership Defendants, however, the Receiver may need to file litigation in order to recover the funds from any of the recipients who fail to repay them on demand.  The Receiver expects that the collection effort will require continued, extensive efforts on the part of the Receiver's counsel, Bryan Cave.

The Receiver, his counsel, and his accountants have working since December tending to the duties of the Receivership, which include the following:

**(a)    Securing the Books and Records of the Receivership.**

i.    The Receiver, the Receiver's counsel, and the Receiver's accountants  have secured the books and records found at the Zhunrize office.  The information recovered from the premises was limited, at best.  From the premises the Receiver recovered:

a.    Miscellaneous bank statements;

b.     Copies of deposits;

c.     Check stubs with some supporting documentation;

d.     Limited employee records;

e.     Miscellaneous vendor invoices;

f.     Miscellaneous marketing material;

g.     The Quickbooks files from the Zhunrize server.

Additionally, the Receiver and his team have obtained bank statements and other records directly from institutions where various accounts were held and subsequently frozen by the SEC.

ii.  Zhunrize outsourced its back office functions to Vodaware, an IT and business services company.  The Receiver and his team has interviewed the Vodaware contractor who entered information into Quickbooks and paid bills as directed by Jeff Pan or Zhunrize employee Todd Spencer.  This employee left Vodaware in September of 2014.

iii.  The Receiver and his team are currently working with Vodaware to reconcile investor data with financial records obtained from QuickBooks, bank statements, and the investor data on the Zhunrize website hosted by Vodaware.

**(b)      Recovered Cash from Frozen Accounts and Liquidation of Assets**

iv.    The Receiver and his team have recovered $45,695,546.95 from 17

Defendant accounts that were identified and frozen by the SEC.  At this time, the

Receiver believes that there is approximately $1.4 million remaining to be

recovered:  approximately $750,000 held at the Agriculture Bank of China in

China, and a $638,000 prepaid tax to the IRS.

v.    There are only 2 material assets to be liquidated in this matter, Jeff Pan's

residence located in Suwanee, GA, and a 1996 Acura MDX.  The appears to have

little to no equity.  The estimated value of the vehicle is approximately $2,500 and

the Court has approved a motion to accept $2,500 from Pan in lieu of the vehicle.

**(c)      Interviews of Employees and Contractors**

vi.    The Receiver and his team have interviewed Zhunrize

employees/independent contractors with responsibilities for operations, human

resources, marketing, IT, accounting, and the website.

vii.    The Receiver and his team have communicated with Jeff Pan through his

attorney, and the Receiver has communicated with Pan directly via email regarding

questions about assets, location of documents, and repatriating funds from foreign

banks.

viii.   None of the Zhunrize employees had knowledge of the location of Receivership Assets not already identified by the SEC and the Receiver.

**(d)    Establishment of the Receivership Website**

ix.   The Receiver has set up a Receivership website, www.zhunrizereceivership.com, for communication with investors and creditors. Currently, a history of the case and court documents are posted on the website. The Receiver and his team are working to prepare an online claims form that will capture victim data in a database which can be reconciled to investor data collected and maintained by Vodaware.  An email blast has been sent to approximately 85,000 email addresses notifying them of the Receivership and the status of the claims process.

**(e)    Filing of Liquidation Plan**

x.   The Receiver filed his Liquidation Plan on April 17, 2015.  [Docket Entry No. 59.]  The Liquidation Plan sets forth a 4-phase plan for the validation of claims and distribution of funds.

**(f)    Responding to Investor Inquires**

xi.   The Receiver has emailed the 85,000 known investor emails with updates and has responded to inquiries submitted to the SEC, the Receivership website, and directly to the Receiver.

### (g)   Preparing Reconciliation of Investor and Vendor Data for Claims Process

xii.   The Receiver is working with Vodaware to extract investor information from the investor databases to reconcile it with the financial data recovered in QuickBooks, from outside merchant processors, and the bank statements.  While the Receiver and his team are hopeful that reconciliation is achievable, the data recovery efforts are challenging because Zhunrize was Vodaware's only customer. As a result of the closing of Zhunrize, Vodaware was effectively closed as well, and it laid off its programmers that were developing and maintaining the Zuhnrize software.  Consequently, the Receiver is reliant on Vodaware to coordinate former Vodaware employees to assist during their "spare time."  The Court approved the Receiver's motion to retain Vodaware employees to assist with the reconciliation project.

xiii.   This activity is critical to the success of the Receivership because it will allow victims to submit claims data online that should be able to be verified by the Receivership data and financial records.  Additionally, the reconciliation will allow the Receivership to pursue and defend any potential "claw-back" actions.

### (h) Receivership Claims

xiv.   The Receiver and his team continue to research and evaluate potential claims against third parties.

2.     **Novelty and difficulty of the questions involved** is the next factor to be

considered by the Court.  A receivership is novel by its very nature because each

receivership involves an individual company with its own internal operations.

Understanding the operations of the Receivership Defendants can be very difficult

and further complicated by the lack of complete and clear financial records on the

receipt and disposition of the funds.  It was necessary for the Receiver to hire

forensic accountants (GlassRatner) to research and update the financial records of

the Receivership and reconstruct numerous unidentified banking transactions.

3.     **Skill required to perform services properly.**  The services performed by

the professionals in this case require a high degree of skill and experience in

dealing with the complicated financial and legal issues, such as receivership and

litigation procedure, electronic data recovery, evidence preservation, forensic

financial analysis, and asset recovery and liquidation.  The Receiver, Bryan Cave,

and GlassRatner, have extensive experience in their respective areas of

responsibility.

4.     **Preclusion of other employment due to acceptance of the case.**  While

neither the Receiver, Bryan Cave, nor GlassRatner, have been precluded from

accepting any engagements because of conflicts in the current case, such conflicts

may arise in the future.  Further, because of the time spent working on this matter,

the Receiver and his team have been consequently significantly limited in their ability to spend time working on or seeking engagements in other matters.

5.     **Customary fee.**   The hourly rates sought herein are commensurate with the rates charged by other professionals with similar credentials in Atlanta, Georgia. The following professionals have performed services on behalf of the Receivership at the following hourly rates:

A.          ***Michael Fuqua, the Receiver***.

Michael Fuqua ($325.00 per hour) is the court-appointed Receiver.  He is a senior managing director at GlassRatner Advisory & Capital Group LLC who provides over  20 years of broad-based experience in corporate finance, bankruptcy, forensic accounting and valuation.  Mr. Fuqua has prior experience in matters involving currency and other financial instruments used to defraud investors, as well as experience in various receivership matters.

B.          ***Bryan Cave LLP***.

Bryan Cave LLP is counsel to the Receiver assisting in the financial investigation, conducting discovery, litigating claims against third parties, and providing other necessary legal assistance to the Receiver.  Bryan Cave LLP agreed to cap its fees at a blended rate of $370.00 per hour, which will result in substantial savings to the Receivership.

(1)     Jennifer D. Odom (regular hourly rate  $595.00 per hour), lead counsel to the Receiver, is a Partner at Bryan Cave concentrating on securities, corporate, and fiduciary litigation.  Ms. Odom is a litigator with over 16 years of litigation experience.  She specializes in business and securities litigation involving complex financial issues in both federal and state courts, including litigation to set aside fraudulent conveyances, claims for breach of fiduciary duty, suits to collect on promissory notes and collection of judgments.  Ms. Odom has approximately eight years of experience as lead counsel in SEC receivership matters.

(2)     Ann W. Ferebee (regular hourly rate $450.00 per hour), is an Associate at Bryan Cave concentrating on securities, corporate, and fiduciary litigation.  She has extensive experience in post-judgment collection procedures and receivership cases.

(3)     Danielle C. Parrington (regular hourly rate $415.00 per hour), is an Associate at Bryan Cave concentrating on financial, corporate and fiduciary litigation.

(4)     Joellen Bringardner (regular hourly rate $255.00 per hour) is a Paralegal in Bryan Cave's Corporate Litigation practice group with extensive litigation support, analytical and investigative experience.

### C.      *GlassRatner Advisory and Capital Group LLC*.

GlassRatner professionals serve as accountants to the Receiver conducting the financial investigation, assisting in discovery, and providing other necessary financial assistance to the Receiver.  GlassRatner has approximately eight years of experience serving as accountants to a receiver appointed in an SEC Ponzi or pyramid scheme case, as well as extensive bankruptcy experience.

(1)      Laura Clemente ($195.00 per hour), is an Associate at GlassRatner with a BBA in Accounting.  She has 12 years of experience the retail banking industry and 3 years of experience in financial management and litigation support.

(2)      Alissa Graffius, JD ($195.00 per hour), is an Associate at GlassRatner with a BBA in Accounting/Marketing and an MBA from Clarion University and a JD from Michigan State University.  She has 1 year of experience in litigation support.

(3)      Kate Bumburyak ($195.00 per hour), is an Associate at GlassRatner with a BBA in Accounting.  She has 5 years of experience in financial accounting and reporting, and litigation support.

(4)    <u>Neydi Lennard</u> ($95.00 per hour), is a Staff Accountant at GlassRatner with an AA in Accounting and 10 years of experience in financial accounting and reporting.

**6.    <u>Whether the fee is fixed or contingent.</u>**  The fees of the Receiver and his team are fixed, as they are based upon the hourly rates described above.  At the present time, there are sufficient funds in the Receivership Estate with which to pay the requested fees.

**7.    <u>Time limitations imposed by the circumstances of the case.</u>**  In accepting the Receivership, the Receiver, Bryan Cave, and GlassRatner had to move quickly to take control of and preserve assets of the Receivership.  As the largest aspect of the Receiver's work is locating and recovering assets, time is of the utmost importance, particularly in the early stages of the Receivership.  Quickly after his appointment, the Receiver and his team secured the premises of Zhunrize, changed the locks and preserved the evidence contained therein, including all available electronic and financial information.  The Receiver and his team also worked immediately to secure any monetary funds currently in the accounts of the Receivership Defendants.  Because of the immediate action required in the early days of the Receivership, the fees in the first 3 months are higher than what the Receiver anticipates in the upcoming months.  Time will continue to be of the

essence; however, as the location of all funds is still an on-going process and as mentioned above, litigation will be necessary in order to recover funds for the investors.

**8.**     **Experience, reputation, and ability of professionals.**  As set out above, the professionals at Bryan Cave and GlassRatner have extensive experience in their respective fields, including experience in receivership cases, and are well respected in their professional communities.

**9.**     **Nature and length of the professional relationship with the client.**  The relationship between GlassRatner and the Receiver is extensive as the Receiver is a managing director at GlassRatner, a matter disclosed to the Court at the time of the Receiver's appointment.

**10.**     **Awards in similar cases.**  Based on their experiences, the Receiver and his team believe that the fees requested herein are commensurate with fees awarded in similar cases in the Northern District of Georgia and other districts.

**IV.**     **CONCLUSION**

The amount of fees and expenses incurred to date should not be adjusted – higher or lower.  The Receiver's counsel has already made adjustments to their fees as provided for in the Receiver's application.  As a result, the Receivership Estate has received the benefit of many hours of service for which it is not being

charged.  The fees and expenses included herein were incurred in the best interests of the Receivership Estate, and the amount requested is reasonable under the circumstances of the case.  With the exception of the Billing Instructions for Receiver's in Civil Actions Commenced by the U.S. Securities and Exchange Commission, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.  The Receiver, on behalf of himself, and Bryan Cave and GlassRatner, respectfully request that the Court approve all the fees and expenses requested herein and authorize payment of the same.  The SEC has reviewed this First Application and does not object.

A proposed order is attached for the Court's convenience.

Respectfully submitted this  3rd day of June, 2015.

By:

/s/ Ann W. Ferebee

Jennifer D. Odom
Georgia Bar No. 549717
jennifer.odom@bryancave.com
Ann W. Ferebee
Georgia Bar No. 431941
ann.ferebee@bryancave.com
Danielle C. Parrington
Georgia Bar No. 534065
danielle.parrington@bryancave.com

BRYAN CAVE LLP
One Atlantic Center – Fourteenth Floor
1201 West Peachtree Street
Atlanta, Georgia  30309
(404) 572-6600 Telephone
(404) 572-6999  Facsimile

Attorneys for Michael Fuqua, Receiver

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:14-CV-3030-RWS |
| v. | ) ) | |
| ZHUNRIZE, INC. and, JEFF PAN, | ) ) ) | |
| Defendants. | ) | |

RECEIVER'S CERTIFICATION OF COMPLIANCE

Michael Fuqua, Receiver, by and through his counsel, Bryan Cave LLP and in support of the Receiver's First Application for Payment of Professional Fees and Expenses ("First Application"), provides the following certification of compliance pursuant to paragraph XIX of the Court's December 19, 2014 Order Appointing Receiver ("Receivership Order"):

In accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"), the Receiver certifies:

1. I have read the Receiver's First Application;

2.  to the best of my knowledge, information and belief formed after reasonable inquiry, the First Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

3.  all fees contained in the First Application are based on the rates listed in the Exhibits attached hereto, and such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed;

4.  I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth in the Billing Instructions for photocopies and facsimile transmission); and

5.  in seeking reimbursement for a service which I or my staff justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor.  For any such services performed by me or my staff, I am not making a profit on such reimbursable service.

Additionally, the Receiver certifies that:

6.  the fees and expenses included in this First Application were incurred in the best interests of the Receivership Estate; and

7.  with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Executed this 3rd day of June, 2015.

/s/ Michael Fuqua_____
Michael Fuqua, Receiver

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **Receiver's First Application for Payment of Professional Fees and Expenses Incurred November 2014 Through March 2015** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This 3rd day of June, 2015.

/s/ Ann W. Ferebee
Ann W. Ferebee
Georgia Bar No. 431941