UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:14-CV-3030-RWS |
| v. | ) ) ) | |
| ZHUNRIZE, INC. and, JEFF PAN, | ) ) ) | |
| Defendants. | ) ) | |

### RECEIVER'S THIRD APPLICATION FOR PAYMENT OF PROFESSIONAL FEES AND EXPENSES INCURRED JULY 2015 THROUGH SEPTEMBER 2015

Michael Fuqua, as Receiver ("Receiver") for the assets of Zhunrize, Inc. ("Zhunrize") and Jeff Pan ("Pan"), and any entities owned by Pan who have received investor funds, including but not limited to D&A Capital Partners (collectively, the "Receivership Defendants"), hereby seeks the Court's approval for (1) payment of the Receiver's fees and expenses; (2) payment of the fees and expenses of the Receiver's counsel, Bryan Cave LLP; and (3) payment of the fees and expenses of GlassRatner Advisory and Capital Group LLC, the Receiver's accountants. The Receiver has set out below his actions and those of his team of professionals during this time period. Additional information regarding the Receiver's and his team's actions and their findings

to date can be found in the Third Report Regarding Receiver's Activities, filed on October 30, 2015, at Docket Entry No. 77. A copy of the Standardized Fund Accounting Report ("SFAR") submitted by the Receiver for the most recent quarter is attached hereto as Exhibit A.

I. **INTRODUCTION**

As previously reported, on September 22, 2014, the Securities and Exchange Commission ("SEC") filed this action seeking injunctive and other equitable relief against Receivership Defendants Zhunrize and Pan, and on December 10, 2014, the SEC submitted an application for the appointment of a Receiver and Other Relief. On December 19, 2014, the Court entered an order granting a temporary injunction, freezing of assets and other ancillary relief against the Defendants and appointing Michael Fuqua as Receiver of the Receivership Defendants. [Docket Entry No. 47].

In its December 19, 2014 Order, the Court expressly authorized the Receiver to retain Bryan Cave LLP ("Bryan Cave") as counsel for the Receiver, and further authorized the Receiver to engage and employ accountants, attorneys, and other independent contractors and technical specialists as are necessary and proper to assist the Receiver in carrying out his duties and responsibilities without leave of court. [See Docket Entry No. 47]. Pursuant to that authority, the Receiver retained:

(a) Bryan Cave, a leading national law firm, to represent him in this matter. The firm's Atlanta lawyers engaged in this matter have significant securities and fraud experience as well as a successful track record of assisting in the recovery of assets and experience in receivership matters.

(b) GlassRatner Advisory and Capital Group LLC ("GlassRatner"), a firm of certified public accountants and finance professionals with extensive experience in both forensic and receivership accounting, as accountants for the Receivership.

## II. FEES AND EXPENSES

A. Fees and Expenses Incurred from July 1, 2015 through September 30, 2015

This Application seeks approval and payment of fees and the reimbursement of expenses incurred by the Receiver, GlassRatner, and Bryan Cave for July 1, 2015 to September 30, 2015. During that time, the Receiver and his team have incurred fees and expenses as follows and as set forth in the attached invoices[1]:

(a) The Receiver has worked 76.6 hours and seeks the approval of $24,895 in

---

[1] These invoices contain information regarding (a) the number of hours worked by each professional; (b) the manner and type of work performed by each professional; and (c) the monetary value assigned to each task performed by each professional. The detailed account invoices should not be construed to waive any applicable privilege belonging to the Receiver, including, but not limited to, the attorney-client privilege, the attorney work product privilege and the accountant-client privilege.

fees. (See Invoices, attached hereto as Exhibit B).

(b) GlassRatner has worked 277.6 hours and seeks the approval of $54,132 in fees and expenses. (See Invoices, attached hereto as Exhibit C).

(c) Bryan Cave LLP has worked 42.1 hours and seeks the approval of $15,577 (fees) and $243.75 (expenses). (See Invoices, attached hereto as Exhibit D). The blended cap rate of $370.00 has provided a discount of $7,327.50 off of the normal billing rates of the working attorneys and legal staff.

B. <u>Court Analysis of the Fees and Expenses</u>

To determine the appropriate amount of fees to pay to professionals, courts should first multiply the amount of hours worked by a reasonable hourly rate. <u>See Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal market (Atlanta, Georgia) for similar services by attorneys of reasonably comparable skill and experience. <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1396 (11th Cir. 1996). The amounts listed in Section II(A) are the result of multiplying the amount of hours worked by a reasonable hourly rate, subject to any rate caps or blended rates offered by the professionals.

After multiplying the amount of hours worked by a reasonable hourly rate, the court should consider whether the amount should be adjusted (higher or lower)

depending on the circumstances of the case. Id. To make such an adjustment, the court should consider twelve factors commonly referred to as the "Johnson Factors." See Johnson v. Georgia Hwy Express, Inc., 488 F.2d 714 (5th Cir. 1974); see also FTC v. Peoples Credit First, LLC, 2005 WL 3981599 (M.D. Fla. Dec. 21, 2005). Those factors and an analysis under those factors of the services rendered by the professionals in this case are set out below.

## III. ANALYSIS OF FEES UNDER THE JOHNSON TEST

**1. Time and labor required.** The Receiver and his team have spent a significant amount of time and effort in this case to meet the demands and exigencies of the Receivership. The Receiver has spent 76.6 hours on the matter. The Receiver's accountants have spent 277.6 hours on this matter, and the Receiver's attorneys have collectively spent 42.1 hours on the matter. These amounts of time[2] have been necessary due to the efforts of the Receiver and his team to secure the Receivership books and records, to analyze and reconcile data from the recovered books and records, to complete the development and begin the implementation of an efficient claims process, and to continue to work to repatriate funds currently held in China.

The Receiver and his team are mindful of the limited resources available in the Receivership Estate and limitations in the potential recoveries available. The

---

[2] A detailed account of the hours worked by the Receiver and his team can be found in the invoices contained in Exhibits B-D.

5

substantial work since June, 2015 was critical in attempts to investigate, understand and assess the factual situation at hand, to collect and protect the limited assets of the Receivership Defendants, to ensure that evidence is properly preserved for future use, to complete development and begin implementation of a claims process, and for carrying out the Receiver's duties.  The Receiver and his team are especially mindful of the fact that any money used to pay administration expenses of the Receiver is money that will not be paid to the victims of the pyramid scheme, the investors.  However, in order to maximize the Receivership Estate and to discharge his duties under the law and this Court's orders, it is important that the Receiver trace assets, determine which persons were culpable and whether viable claims can be asserted and collected against them on a cost-effective basis, and develop and implement an effective claims process so that the victims may obtain recovery.

As reported in the Third Report Regarding Receiver's Activities, filed on October 30, 2015 (See Docket Entry No. 77), the Receiver, his counsel, and his accountants have been busy tending to the duties of the Receivership, which include the following:

A.   **Completing Developing the Claims Process.**

1.   Subsequent to securing the books and records of the Receivership, the Receiver, the Receiver's counsel and the Receiver's accountants (collectively, the "Receiver's Team") analyzed and reconciled data from the recovered books and records in order to develop an efficient claims process. Activities during this third period have included:

   (a)   Working with BMC Group, the firm approved by the Court to assist the Receivership with the claims process, to complete the development of the proposed claims process and claims form, and obtaining the Court's approval of the process and form;

   (b)   Developing an online claims form pursuant to which victims will be allowed to make claims for cash investments in stores, upgrades, and Z-cash and submit supporting documentation;

B.   **Continuing Efforts to Repatriate Funds in China.**

2.   The Receiver and his counsel have had ongoing communications with Defendant Pan regarding the repatriation of approximately $750,000, or CNY 5,230,210. The repatriation efforts continue to be challenging.

**C.  Other Activities.**

3.  In the Third Quarter, the Receivership has recovered an additional $49,826.76 from banks and vendors. [See Dkt. No. 77.]

4.  The Receiver paid $240,070.66 in Court-approved professional fees and other Receivership expenses in the Second Quarter. [See Dkt. No. 73.]

**D.  Vendor/Employee Claims and Receivership Claims**

5.  Through September 30, 2015, there has been no further identification of potential claims against the Receivership in excess of the approximately $525,000 of potential vendor and employee claims that were previously identified.

6.  With Court approval, the Receiver paid $58,625.04 in back wages due employees. [See Dkt. No. 75.]

7.  The Receiver and his team will continue to research and evaluate potential claims against third parties.

**2.  Novelty and difficulty of the questions involved** is the next factor to be considered by the Court. A receivership is novel by its very nature because each receivership involves an individual company with its own internal operations. Understanding the operations of the Receivership Defendants can be very difficult and further complicated by the lack of complete and clear financial records on the receipt and disposition of the funds. It was necessary for the Receiver to hire

forensic accountants (GlassRatner) to research and update the financial records of the Receivership and reconstruct numerous unidentified banking transactions.

3. **Skill required to perform services properly.** The services performed by the professionals in this case require a high degree of skill and experience in dealing with the complicated financial and legal issues, such as receivership and litigation procedure, electronic data recovery, evidence preservation, forensic financial analysis, and asset recovery and liquidation. The Receiver, Bryan Cave, and GlassRatner, have extensive experience in their respective areas of responsibility.

4. **Preclusion of other employment due to acceptance of the case.** While neither the Receiver, Bryan Cave, nor GlassRatner, have been precluded from accepting any engagements because of conflicts in the current case, such conflicts may arise in the future. Further, because of the time spent working on this matter, the Receiver and his team have been consequently significantly limited in their ability to spend time working on or seeking engagements in other matters.

5. **Customary fee.** The hourly rates sought herein are commensurate with the rates charged by other professionals with similar credentials in Atlanta, Georgia. The following professionals have performed services on behalf of the Receivership at the following hourly rates:

### A. *Michael Fuqua, the Receiver*.

Michael Fuqua ($325.00 per hour) is the court-appointed Receiver. He is a senior managing director at GlassRatner Advisory & Capital Group LLC who provides over 20 years of broad-based experience in corporate finance, bankruptcy, forensic accounting and valuation. Mr. Fuqua has prior experience in matters involving currency and other financial instruments used to defraud investors, as well as experience in various receivership matters.

### B. *Bryan Cave LLP*.

Bryan Cave LLP is counsel to the Receiver assisting in the financial investigation, conducting discovery, litigating claims against third parties, and providing other necessary legal assistance to the Receiver. Bryan Cave LLP agreed to cap its fees at a blended rate of $370.00 per hour, which will result in substantial savings to the Receivership.

(1) Jennifer D. Odom (regular hourly rate $595.00 per hour), lead counsel to the Receiver, is a Partner at Bryan Cave concentrating on securities, corporate, and fiduciary litigation. Ms. Odom is a litigator with over 16 years of litigation experience. She specializes in business and securities litigation involving complex financial issues in both federal and state courts, including litigation to set aside fraudulent conveyances, claims for breach of fiduciary duty, suits to collect

on promissory notes and collection of judgments. Ms. Odom has approximately eight years of experience as lead counsel in SEC receivership matters.

(2) <u>Ann W. Ferebee</u> (regular hourly rate $450.00 per hour), is an Associate at Bryan Cave concentrating on securities, corporate, and fiduciary litigation. She has extensive experience in post-judgment collection procedures and receivership cases.

(3) <u>Danielle C. Parrington</u> (regular hourly rate $415.00 per hour), is an Associate at Bryan Cave concentrating on financial, corporate and fiduciary litigation.

(4) <u>Joellen Bringardner</u> (regular hourly rate $255.00 per hour) is a Paralegal in Bryan Cave's Corporate Litigation practice group with extensive litigation support, analytical and investigative experience.

### C. *<u>GlassRatner Advisory and Capital Group LLC</u>*.

GlassRatner professionals serve as accountants to the Receiver conducting the financial investigation, assisting in discovery, and providing other necessary financial assistance to the Receiver. GlassRatner has approximately eight years of experience serving as accountants to a receiver appointed in an SEC Ponzi or pyramid scheme case, as well as extensive bankruptcy experience.

(1) <u>Laura Clemente</u> ($195.00 per hour), is an Associate at GlassRatner with a BBA in Accounting. She has 12 years of experience the retail banking industry and 3 years of experience in financial management and litigation support.

(2) <u>Tess Wolff</u> ($195.00 per hour), is an Associate at GlassRatner. She is a CPA with over 7 years of experience in forensic accounting, bankruptcy consulting and litigation support.

(3) <u>Steven Prager</u> ($195.00 per hour), is an Associate at GlassRatner with a BA in Economics and a minor in Finance. He interned with GlassRatner in the summer of 2014 and became a full time employee upon graduation from the University of Texas in April 2015.

(4) <u>Mark Perlberg</u> ($195.00 per hour), is an Associate at GlassRatner with a BA in History from The Ohio State University and a Masters of Accountancy from North Carolina State University. Prior to working at GlassRatner, he taught history and economics in the New York City public schools. He is currently pursuing his CPA license and CFE designation.

**6. Whether the fee is fixed or contingent.** The fees of the Receiver and his team are fixed, as they are based upon the hourly rates described above. At the

present time, there are sufficient funds in the Receivership Estate with which to pay the requested fees.

7. **Time limitations imposed by the circumstances of the case.** Since the filing of the Receiver's Third Report, the Receiver, Bryan Cave LLP, and GlassRatner have continued to take control of and preserve assets of the Receivership. A large aspect of the Receiver's and his team's work has been in analyzing and reconciling data and completing development of an efficient claims process. Time will continue to be of the essence, however, as the implementation of the claims process is still an on-going process.

8. **Experience, reputation, and ability of professionals.** As set out above, the professionals at Bryan Cave and GlassRatner have extensive experience in their respective fields, including experience in receivership cases, and are well respected in their professional communities.

9. **Nature and length of the professional relationship with the client.** The relationship between GlassRatner and the Receiver is extensive as the Receiver is a managing director at GlassRatner, a matter disclosed to the Court at the time of the Receiver's appointment.

**10. Awards in similar cases.** Based on their experiences, the Receiver and his team believe that the fees requested herein are commensurate with fees awarded in similar cases in the Northern District of Georgia and other districts.

## IV. CONCLUSION

The amount of fees and expenses incurred to date should not be adjusted – higher or lower. The Receiver's counsel has already made adjustments to their fees as provided for in the Receiver's application. As a result, the Receivership Estate has received the benefit of many hours of service for which it is not being charged. The fees and expenses included herein were incurred in the best interests of the Receivership Estate, and the amount requested is reasonable under the circumstances of the case. With the exception of the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof. The Receiver, on behalf of himself, and Bryan Cave and GlassRatner, respectfully request that the Court approve all the fees and expenses requested herein and authorize payment of the same. The SEC has reviewed this Third Application and does not object.

A proposed order is attached for the Court's convenience.

Respectfully submitted this 4th day of December, 2015.

          By:   /s/ Ann W. Ferebee
                Jennifer D. Odom
                Georgia Bar No. 549717
                jennifer.odom@bryancave.com
                Ann W. Ferebee
                Georgia Bar No. 431941
                ann.ferebee@bryancave.com
                Danielle C. Parrington
                Georgia Bar No. 534065
                danielle.parrington@bryancave.com

                BRYAN CAVE LLP
                One Atlantic Center – Fourteenth Floor
                1201 West Peachtree Street
                Atlanta, Georgia  30309
                (404) 572-6600 Telephone
                (404) 572-6999  Facsimile

                Attorneys for Michael Fuqua, Receiver

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZHUNRIZE, INC. and, )<br>JEFF PAN, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:14-CV-3030-RWS |

## RECEIVER'S CERTIFICATION OF COMPLIANCE

Michael Fuqua, Receiver, by and through his counsel, Bryan Cave LLP and in support of the Receiver's Third Application for Payment of Professional Fees and Expenses ("First Application"), provides the following certification of compliance pursuant to paragraph XIX of the Court's December 19, 2014 Order Appointing Receiver ("Receivership Order"):

In accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"), the Receiver certifies:

1. I have read the Receiver's Third Application;

2. to the best of my knowledge, information and belief formed after reasonable inquiry, the Third Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

3. all fees contained in the Third Application are based on the rates listed in the Exhibits attached hereto, and such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed;

4. I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth in the Billing Instructions for photocopies and facsimile transmission); and

5. in seeking reimbursement for a service which I or my staff justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. For any such services performed by me or my staff, I am not making a profit on such reimbursable service.

Additionally, the Receiver certifies that:

6. the fees and expenses included in this Third Application were incurred in the best interests of the Receivership Estate; and

7. with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Executed this 4th day of December, 2015.

/s/ Michael Fuqua_____
Michael Fuqua, Receiver

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Receiver's Third Application for Payment of Professional Fees and Expenses Incurred July 2015 Through September 2015** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This 4th day of December, 2015.

/s/ Ann W. Ferebee
Ann W. Ferebee
Georgia Bar No. 431941